1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   AYANNA VICTORIA SMITH,          Case No. CV 17-444 JC
12                 Plaintiff,
                                     MEMORANDUM OPINION
13          v.
14
     NANCY A. BERRYHILL,[1] Acting
15   Commissioner of Social Security,
16                 Defendant.
17
18   **I.    SUMMARY**

19        On May 19, 2016, in the United States District Court for the Southern
20   District of California, plaintiff Ayanna Victoria Smith filed a Complaint seeking
21   review of the Commissioner of Social Security's denial of plaintiff's application
22   for benefits.  The case was subsequently transferred to the Central District of
23   California and assigned to this Court for adjudication.  The parties have consented
24   to proceed before the undersigned United States Magistrate Judge.
25        This matter is before the Court on the parties' cross motions for summary
26   judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion")
27
28        [1]Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is
     hereby substituted as the defendant in this action.

1    (collectively "Motions").  The Court has taken the Motions under submission

2    without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15.

3         Based on the record as a whole and the applicable law, the decision of the

4    Commissioner is AFFIRMED.  The findings of the Administrative Law Judge

5    ("ALJ") are supported by substantial evidence and are free from material error.

6    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

7    **DECISION**

8         On August 13, 2012, plaintiff filed an application for Supplemental Security

9    Income alleging disability beginning on November 15, 2011, due to a "torn

10   labrium [sic]" in her right shoulder, tendinitis in her right and left shoulders, and a

11   chronic sprain of her right ankle.  (Administrative Record ("AR") 17, 135, 156).

12   The ALJ examined the medical record and heard testimony from plaintiff and a

13   vocational expert on April 4, 2014.  (AR 30-53).

14        On June 13, 2014, the ALJ determined that plaintiff was not disabled

15   through the date of the decision.  (AR 17-24).  Specifically, the ALJ found:

16   (1) plaintiff suffered from the following severe impairments:  bilateral shoulder

17   impairment and degenerative disc disease of the cervical spine (AR 19);

18   (2) plaintiff's impairments, considered singly or in combination, did not meet or

19   medically equal a listed impairment (AR 20); (3) plaintiff retained the residual

20   functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional

21   limitations[2] (AR 20); (4) plaintiff was able to perform past relevant work as a

22   customer service representative and office assistant (AR 23-24); and (5) plaintiff's

23   statements regarding the intensity, persistence, and limiting effects of subjective

24   symptoms were not entirely credible (AR 21).

25   ///

26   ――――――――――――――

27        [2]The ALJ determined that plaintiff could (i) occasionally perform postural activities;
     (ii) not climb ladders, ropes, or scaffolds; (iii) not work at unprotected heights or around
28   dangerous machinery; and (iv) perform occasional above shoulder work bilaterally.  (AR 20).

1    On October 15, 2015, the Appeals Council denied plaintiff's application for

2    review.  (AR 6).

3    **III.    APPLICABLE LEGAL STANDARDS**

4    **A.    Administrative Evaluation of Disability Claims**

5    To qualify for disability benefits, a claimant must show that he or she is

6    unable "to engage in any substantial gainful activity by reason of any medically

7    determinable physical or mental impairment which can be expected to result in

8    death or which has lasted or can be expected to last for a continuous period of not

9    less than 12 months."  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012)

10   (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  To be

11   considered disabled, a claimant must have an impairment of such severity that he

12   or she is incapable of performing work the claimant previously performed ("past

13   relevant work") as well as any other "work which exists in the national economy."

14   Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

15   To assess whether a claimant is disabled, an ALJ is required to use the five-

16   step sequential evaluation process set forth in Social Security regulations.  See

17   Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

18   Cir. 2006) (citations omitted) (describing five-step sequential evaluation process)

19   (citing, in part, 20 C.F.R. § 416.920).  The claimant has the burden of proof at

20   steps one through four – i.e., determination of whether the claimant was engaging

21   in substantial gainful activity (step 1), has a sufficiently severe impairment (step

22   2), has an impairment or combination of impairments that meets or equals a listing

23   in 20 C.F.R. Part 404, Subpart P, Appendix 1 (step 3), and retains the residual

24   functional capacity to perform past relevant work (step 4).  Burch v. Barnhart, 400

25   F.3d 676, 679 (9th Cir. 2005) (citation omitted).  The Commissioner has the

26   burden of proof at step five – i.e., establishing that the claimant could perform

27   other work in the national economy.  Id.

28   ///

## B.  Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (citation and quotation marks omitted). It is "more than a mere scintilla, but less than a preponderance." Id. When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

While an ALJ's decision need not be drafted with "ideal clarity," at a minimum it must describe the ALJ's reasoning with sufficient specificity and clarity to "allow[] for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citations and internal quotation marks omitted).

///

# IV.  DISCUSSION

Plaintiff contends a reversal or remand is warranted because the ALJ's step four determination that plaintiff could perform her past relevant work is not supported by substantial evidence.  (Plaintiff's Motion at 3-6).  The Court disagrees.

## A.  Pertinent Law

At step four, claimants have the burden to show that they are no longer able to perform their past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citations omitted); 20 C.F.R. § 416.920(e).  The Commissioner may deny benefits at step four if the claimant has the residual functional capacity to perform either a particular past relevant job as "actually performed," or the same kind of work as "generally" performed in the national economy.  Pinto, 249 F.3d at 844-45 (citing Social Security Ruling ("SSR") 82-61); SSR 82-62 at *3.  Social Security regulations define past relevant work as "work that [a claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn it."  20 C.F.R. §§ 416.960(b)(1), 416.965(a).

"Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities."  Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001) (citing, in part, 20 C.F.R. §§ 416.971-416.975).  The primary factor used to determine whether a claimant was engaged in substantial gainful activity ("SGA") at a particular job is the amount of earnings a claimant derived from the job.  Le v. Astrue, 540 F. Supp. 2d 1144, 1149 (C.D. Cal. 2008) (citing, in part, 20 C.F.R. § 416.974(a)(1)).  "There is a rebuttable presumption that the employee either was or was not engaged in SGA if his or her average monthly earnings are above or below a certain amount established by the Commissioner's Earnings Guidelines."  Id. (citing, in part, 20 C.F.R. § 416.974(b)(2)-(3)); Lewis, 236 F.3d at 515 ("Earnings can be a presumptive, but not conclusive, sign of whether a job is substantial gainful activity.").  For example, for 2009, an employee would be

presumed to have engaged in work at an SGA level in a particular month if her average monthly earnings exceeded $980.  See 20 C.F.R. § 416.974(b)(2)(ii); Tables of SGA Earnings Guidelines and Effective Dates Based on Year of Work Activity, Social Security Administration Program Operation Manual System ("POMS") § DI 10501.015(B).[3]  A claimant may rebut the presumption that she was engaged in SGA at a prior job by presenting evidence that she was employed under "special conditions" which "[took] into account [her] impairment"– *i.e.*, the claimant "required and received special assistance from other employees," the claimant was "allowed to work irregular hours or take frequent rest periods," and/or the claimant was permitted to work despite her impairments due to a family relationship.  20 C.F.R. § 416.973(c).

When classifying a claimant's past relevant job as "actually" performed, ALJs look to "a properly completed vocational report" and the claimant's testimony.  Pinto, 249 F.3d at 845 (citing SSR 82-41, 82-61).  The best source for information regarding how an occupation is "generally" performed is usually the Dictionary of Occupational Titles ("DOT").  Id. at 845-46 (citations omitted); see also 20 C.F.R. § 416.966(d)(1).  The DOT is the presumptive authority on job classifications.  Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995).  The ALJ may also rely on testimony from a vocational expert.  See Pinto, 249 F.3d at 845-46 (citations omitted); SSR 82-61 at *2; see, e.g., Bailey v. Astrue, 2010 WL 3369152, *5 (C.D. Cal. Aug. 24, 2010) ("vocational expert's testimony constitutes substantial evidence to support [] ALJ's Step Four determination that plaintiff can perform his past relevant work") (citations omitted).

While claimants have the burden to prove an inability to perform past relevant work, an ALJ is required "to make specific findings on the record at each

---

[3]The POMS manual is considered persuasive authority, even though it does not carry the "force and effect of law."  Hermes v. Secretary of Health and Human Services, 926 F.2d 789, 791 n.1 (9th Cir.), cert. denied, 502 U.S. 817 (1991).

1 phase of the step four analysis [which] provide[] for meaningful judicial review."

2 Pinto, 249 F.3d at 847 (citation and quotation marks omitted).

3    **B.    Analysis**

4    Here, plaintiff essentially contends that the ALJ erroneously determined that

5 plaintiff had past relevant work as an office assistant and customer service

6 representative because such jobs were not performed at the SGA level.  A reversal

7 or remand is not warranted because the ALJ's determination regarding plaintiff's

8 past relevant work is supported by substantial evidence and free of material error.

9    First, substantial evidence in the record supports a finding that plaintiff's

10 job as an office assistant qualifies as past relevant work.  Specifically, plaintiff's

11 certified earnings records raise a presumption that plaintiff engaged in such work

12 at an SGA level in 2009 (*i.e.*, within the past 15 years).  Plaintiff worked as an

13 office assistant for the San Bernardino County Assessor's Office from November

14 2009 to August 2010, with average monthly earnings in 2009 (*i.e.*, for November

15 and December) of $1,057 (*i.e.*, $2,114 ÷ 2 months).  (AR 144, 195-96).  Thus, for

16 the first two-month period of her office assistant job, plaintiff's average monthly

17 earnings were above the presumptive SGA level established by the Commissioner

18 for 2009 (*i.e.*, $980 per month).  See 20 C.F.R. § 416.974(b)(2)(ii); POMS § DI

19 10501.015(B).  Where, like here, a claimant works over a period of time during

20 which the presumptive SGA level changes, average earnings are not, as plaintiff

21 contends, calculated based on the entire period of work involved (*e.g.*, here,

22 November 2009 to August 2010), but instead "are averaged over each period for

23 which a different SGA level applies – which, here, would be two periods,

24 specifically November to December 2009, and January to August 2010.  SSR 83-

25 35, 1983 WL 31257, *4.

26    Second, there is also substantial evidence that plaintiff's office assistant job

27 lasted long enough at the SGA level for plaintiff to learn it.  Each occupation

28 listed in the DOT is assigned a specific vocational preparation ("SVP") level based

1  on the typical length of time required to learn the job, ranging from 1 (the lowest

2  level) to 9 (the highest level).  See DOT, Appendix C – Components of the

3  Definition Trailer, 1991 WL 688702 (1991); Meissl v. Barnhart, 403 F. Supp. 2d

4  981, 983 (C.D. Cal. 2005) ("SVP ratings speak to the issue of the level of

5  vocational preparation necessary to perform [a] job. . . .") (citation and quotation

6  marks omitted).  Here, the vocational expert testified that plaintiff's office

7  assistant job had a "Level 3" SVP (AR 48) – which reflects a typical length of time

8  to learn the job of "[o]ver 1 month up to and including 3 months."  (DOT

9  § 209.562-010 [Clerk, General]).  Thus, there is sufficient evidence to support an

10  inference that plaintiff's job as an office assistant had lasted for two months at the

11  SGA level (i.e., from November to December 2009), and thus "long enough" for

12  plaintiff to learn how to do the job.

13       Finally, although plaintiff correctly points out that the evidence does not

14  support the ALJ's determination that plaintiff had past relevant work as a customer

15  service representative since it appears that such job was not performed at the SGA

16  level (Plaintiff's Motion at 5-6), such error appears to be harmless.  Plaintiff has

17  not shown that any such error was consequential to the ultimate nondisability

18  determination given, as discussed above, the ALJ's determination supported by

19  substantial evidence that plaintiff had other past relevant work as an office

20  assistant.  Cf., e.g., Molina, 674 F.3d at 1115 (noting in context of claimant

21  credibility analysis "an error is harmless so long as there remains substantial

22  evidence supporting the ALJ's decision and the error 'does not negate the validity

23  of the ALJ's ultimate conclusion.'" (citation omitted).

24       Accordingly, a reversal or remand is not warranted on the asserted basis.

25  ///

26  ///

27  ///

28  ///

**V.  CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  December 20, 2017

                                                                  /s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE